**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN C. HADDEN,

          Petitioner - Appellant,

    v.

JIM M. SCHOMIG, Warden High
Desert Penitentiary; ROBERT
ORTEGA, Wyoming Department of
Corrections Director; PATRICK J.
CRANK, Wyoming Attorney General,
in their official capacities,

          Respondents - Appellees.

No. 07-8068

(D. Wyoming)

(D.C. No. 03-CV-207-WFD)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

John C. Hadden was convicted by a Wyoming state-court jury of

committing first-degree sexual assault in Rock Springs. He claims that the

evidence at trial could not support a guilty verdict beyond a reasonable doubt.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

His best argument in that regard is that the victim did not identify him at trial or in a prior photo array and she consistently had given a description of her assailant that could not possibly fit Mr. Hadden. In addition, he points to the impeachment of a critical state witness, Christopher Hobbs, a teenager who was with him in Rock Springs at the time of the assault. Mr. Hadden notes inconsistencies between Hobbs's testimony and his prior statements, and he emphasizes that Hobbs had a motive to lie because he was having an intimate relationship with Mr. Hadden's estranged wife, who allegedly wished Mr. Hadden to be charged with the offense so that she could obtain full custody of their child.

On appeal to the Wyoming Supreme Court, however, that court, relying on Hobbs's testimony, circumstantial evidence, and Mr. Hadden's statement to a police investigator admitting a sexual encounter with the victim during the night of the assault, ruled that the evidence was sufficient to support the jury verdict. *See Hadden v. State*, 42 P.3d 495, 504–05 (Wyo. 2002). Mr. Hadden then sought relief under 28 U.S.C. § 2254 in the United States District Court for the District of Wyoming. Although troubled by the evidence, the district court determined that it could not set aside the state supreme court's decision. We granted Mr. Hadden a certificate of appealability (COA) permitting him to appeal to this court. *See* 28 U.S.C. § 2254(c) (requiring COA to appeal dismissal of claim under § 2254). But after a careful review of the evidence, we affirm the district court.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes deferential standards of review for state-court factual findings and legal conclusions. "AEDPA . . . mandates that state court factual findings are presumptively correct and may be rebutted only by 'clear and convincing evidence.'" *Saiz v. Ortiz*, 392 F.3d 1166, 1175 (10th Cir. 2004) (quoting 28 U.S.C. § 2254(e)(1)). And legal conclusions are afforded substantial deference. If the federal claim was adjudicated on the merits in the state court,

> we may only grant federal habeas relief if the habeas petitioner can establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

*Id.* (quoting 28 U.S.C. 2254(d)(1) and (2)). As we have stated:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the [Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, relief is provided only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. Thus we may not issue a habeas writ simply because we conclude in our independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets, citations, and internal quotation marks omitted). "Because sufficiency of the evidence is a mixed question of law and fact, . . . we apply both 28 U.S.C. § 2254(d)(1) and

(d)(2) when reviewing sufficiency of the evidence on habeas." *Diestel v. Hines*, 506 F.3d 1249, 1267 (10th Cir. 2007) (brackets and internal quotation marks omitted). "Evidence of guilt is sufficient if after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks omitted).

Mr. Hadden contends that we should not defer to the Wyoming Supreme Court's decision upholding the sufficiency of the evidence because that court relied on a tape recording of Mr. Hadden's statement to the police and neither the recording nor a transcript of the recording was in evidence before the jury. (The transcript had been in the state-court record on appeal because of Mr. Hadden's challenge to the trial court's refusal to suppress his statement.) We are not persuaded. To be sure, the Wyoming Supreme Court's opinion refers to the tape. Nevertheless, evidence of Mr. Hadden's statement was presented to the jury through the testimony of the officer who took the statement. Even if the state supreme court inadvertently relied on the transcript of the tape recording, rather than the officer's account of the statement, Mr. Hadden has not shown, or even argued, how he was prejudiced by the error. He has not pointed to anything that could have influenced the court's decision that was in the transcript but not testified to by the officer. Accordingly, we see no reason not to defer to the Wyoming Supreme Court's decision under ordinary AEDPA deference.

Applying that deference, we agree with the district court that Mr. Hadden is not entitled to relief under § 2254.  We need not repeat the thorough analysis of the evidence in the opinions of the Wyoming Supreme Court and the federal district court.  Both opinions cogently explain how a rational juror could have been convinced beyond a reasonable doubt of Mr. Hadden's guilt.  We add only a few observations.  First, despite the impeachment of Hobbs (whose inconsistencies, we might add, are not as remarkable as Mr. Hadden suggests), his account bears strong indicia of reliability.  He reported Mr. Hadden's confession of a rape when there was no apparent way that he could have heard that a rape had been alleged on the night that he and Mr. Hadden had been in Rock Springs. Mr. Hadden and Hobbs apparently left Rock Springs on the night of the assault and they lived in Florida.  No investigator had come looking for either Mr. Hadden or Hobbs.  After Hobbs's accusation, documentary evidence was uncovered that Mr. Hadden and Hobbs had been in Rock Springs on the night of the assault, and a photograph taken during their trip showed Mr. Hadden wearing a cap that looked like the one left in the victim's car.  Moreover, when Mr. Hadden was interviewed by a police investigator, he confirmed having a sexual encounter with the victim, although he denied raping her.  Finally, although the victim clearly recollected an assailant who did not look like Mr. Hadden (perhaps because of her intense intoxication), she insisted that the assailant was the same man as the one with whom she had left the bar and who

had left his hat in her car, and Mr. Hadden admitted both leaving the bar with her and leaving his cap in her car.

We AFFIRM the district court's dismissal of Mr. Hadden's § 2254 application.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge